# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN MILES HUDSPATH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79502

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge. Appellant Melvin Miles Hudspath argues that he received ineffective assistance of trial counsel. The district court denied the petition without an evidentiary hearing. We affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v.*

---

[1]Hudspath did not provide this court with trial transcripts or a copy of his postconviction petition for a writ of habeas corpus. Thus, our review is limited to the appellate briefing on issues relating to the trial. We remind counsel that it is the appellant's burden to provide all materials essential to the decision of issues presented on appeal. *See* NRAP 30(b); *Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004) ("Appellant has the ultimate responsibility to provide this court with portions of the record essential to determination of issues raised in appellant's appeal." (internal quotation marks omitted)).

20.-34507

*Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Hudspath first argues that counsel should have communicated with him more before trial. Specifically, though Hudspath concedes that counsel spoke with him several times before trial, he argues that counsel should have explained the defense strategy to him more fully. Hudspath has not shown, however, that it was objectively unreasonable for counsel not to meet with him more or that further communications would have led to a reasonable probability of a different outcome. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hudspath next argues that counsel should have investigated the State's witnesses. But Hudspath has not specifically alleged what counsel would have uncovered with such additional investigation and thus has not shown prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d

533, 538 (2004). The district court therefore did not err in denying this claim without an evidentiary hearing.

Hudspath next argues that counsel should have moved to suppress the cellphone that contained inculpatory video footage. We concluded on direct appeal that the cellphone evidence was properly admitted. *Hudspath v. State*, Docket No. 68655 (Order of Affirmance, May 26, 2017). Hudspath has not shown deficient performance or prejudice based on counsel's omission of a meritless challenge. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). The district court therefore did not err in denying this claim without an evidentiary hearing.

Hudspath next argues that counsel should have communicated with him about the sentencing proceedings and should have introduced mitigating evidence. Hudspath, however, only states that he would have informed counsel about unspecified witnesses who "could" provide information "potentially" justifying a less severe sentence. Thus, Hudspath has not stated specific factual allegations that would entitle him to relief if true. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hudspath next argues that counsel should have argued in his defense at sentencing. The record belies Hudspath's claim that counsel did not argue for a more favorable sentence. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hudspath next argues that counsel should have investigated his bipolar disorder to present its effects at sentencing. Hudspath's mental health diagnosis was set forth in the presentence investigation report, and

Hudspath has not alleged what further investigation would have uncovered. Hudspath has not shown deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Hudspath argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Hudspath has not demonstrated multiple instances of deficient performance to cumulate.

Having considered Hudspath's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Parraguirre

_____, J.
Hardesty

cc:  Hon. Jacqueline M. Bluth, District Judge
     Gregory & Waldo, LLC
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk